```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


DAMOND O. BLAKLEY,

                      Plaintiff,

          v.                              CASE NO.  16-3006-SAC-DJW

GERALD NITCHER,
Jailer/Sergeant, et al.,

                      Defendants.
```

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff is currently confined at the Shawnee County Jail in Topeka, Kansas. He filed this pro se civil rights complaint under 42 U.S.C. § 1983 based on events that allegedly occurred when he was previously confined at the Osage County Jail in Lyndon, Kansas.[1] The court has screened the complaint and other pleadings and finds that this action is subject to dismissal for reasons including claim preclusion and failure to state a claim for relief.

**I. ALLEGATIONS AND CLAIMS**

Plaintiff alleges the following background for this case. On November 15, 2015, the officer on duty let homosexual inmate "TR" into "Cell 14/Little Dayroom" where plaintiff slept. TR went to the back wall in his wheelchair; stood up and exposed

---

[1] When plaintiff filed the instant complaint he was confined in the Coffey County Jail.

1

his genitals "for all to see;" and asked plaintiff, "Don't you like this." On that date, plaintiff completed an "inmate request form" ("IR") regarding this incident. Despite plaintiff's IR, the next day the officer on duty let TR into cell 14. TR exposed his genitals and asked plaintiff to perform lewd acts. On November 17, Correctional Officer Stella told plaintiff that TR would not be let back into Cell 14. However, after dinner that evening TR was let back into Cell 14. TR told plaintiff off and called him names. TR later told another inmate that Officer Shepard had informed him of plaintiff's grievance.

Plaintiff names as defendants "Jailer Sergeant" Gerald Nitcher, Correctional Officer Philip Shepard, and Osage County Commission. He alleges that defendants let a homosexual inmate "sexually assault and sexually harass" him. As Count I in his complaint, plaintiff claims that homosexual TR came into Cell 14 to sexually assault and harass plaintiff. As Count II, plaintiff claims that officer on duty let homosexual into Cell 14 to sexually assault and harass plaintiff. As supporting facts for these counts, he repeats his allegations regarding events on November 15 and 16, 2015. As Count III, plaintiff repeats that after he completed IRs and Stella told him TR would

not be let back into Cell 14, TR was again let into Cell 14 on November 17, 2015.

Plaintiff claims that defendants breached their duty when they failed after the first incident to tell Correctional Officer "Scrlean"[2] to not let TR back into Cell 14. In his request for relief, plaintiff seeks "an injunction to stop the ongoing of the conduct" at the Osage County Jail, a declaratory judgment, and money damages.

**II. STANDARDS**

Because plaintiff is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than

---

[2] Plaintiff's printing is sometimes illegible and as a result the court's spelling of names may be incorrect.

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Under "res judicata" or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action. *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002). To apply res judicata principles, "three elements must exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* at 504 (brackets and internal quotation marks omitted).

Although prison officials have a duty to protect inmates from violence at the hands of other inmates, such officials are not constitutionally liable for every injury suffered by one inmate at the hands of another. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "To establish a cognizable Eighth Amendment claim for failure to protect," the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm[,] the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006)(quoting *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)); *Farmer*, 511 U.S. at 834; see *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The United States Supreme Court provided the following test for determining when the subjective element is met:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Mere negligence does not constitute deliberate indifference. *Smith*, 445 F.3d at 1258.

Plaintiff has previously been informed that "personal participation in the specific constitutional violation

5

complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted). A supervisory defendant cannot be held liable under a theory of respondeat superior, and the mere denial of a grievance is inadequate to show the requisite personal participation. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

### III.  DISCUSSION

The complaint filed in this case is subject to dismissal upon screening pursuant to 28 U.S.C. § 1915A(a), (b) and 28 U.S.C. § 1915(e)(2)(B) for the following reasons. First, plaintiff's allegations are subject to dismissal as barred by claim preclusion. The court takes judicial notice of a prior case filed by plaintiff: *Blakley v. Osage County Jail*, Case No. 15-3054-SAC-DJW.[3] Therein, plaintiff named the same defendants and alleged the same facts that on the same dates inmate TR exposed himself to plaintiff twice and verbally threatened plaintiff.[4] In that prior case, the court ordered plaintiff to

---

[3]  Plaintiff also raised a separate claim of denial of medical treatment at the Osage County Jail, which survived screening.

[4]  Plaintiff claimed that defendants caused the incidents to harass and retaliate against him for his having filed his denial of medical care claim against the jail. He also complained that nothing was done and no charges were filed in response to his grievance. He asserted that defendants violated his First Amendment rights. See *id.*, Order (Doc. 47)(D.Kan. Mar. 9, 2016). Defendants moved to dismiss arguing that plaintiff had not alleged facts to plausibly demonstrate that any defendant acted with a retaliatory motive. The court agreed, granted defendants' motion in part, and ruled that the "case would proceed only upon plaintiff's Eighth Amendment claim against defendant Shepard" unless plaintiff filed an amended complaint that corrected

show cause why his claims should not be dismissed. Plaintiff filed six responsive pleadings. After considering plaintiff's responses, the court specifically found that his pleadings were procedurally and substantively deficient and that plaintiff failed "to allege facts showing more than a sheer possibility that defendants, in retaliation for filing (that) case, directed an inmate to expose himself to plaintiff or threaten plaintiff." The court concluded that plaintiff failed to show good cause why his First Amendment retaliation claims should not be dismissed. No doubt plaintiff could have raised in his prior case all the claims he has mentioned in his filings herein since they are based on identical allegations.

If claim preclusion is not applied to bar this action, this complaint is still subject to dismissal for failure to state a claim. Plaintiff does not even assert in his complaint that any right secured by the Constitution and laws of the United States was violated. As noted, the court is not authorized to construct a legal theory on plaintiff's behalf.[5]

---

his failure to state a First Amendment violation. *Id*. Plaintiff's pleadings in response were "primarily argumentative" and "procedurally deficient" in that none was a complete and proper amended complaint, even though plaintiff had previously been warned regarding the rules on amended complaints. *Id*. Order (Doc. 55)(D.Kan. Apr. 5, 2016). The court further held that plaintiff's responses were "substantively deficient" in that they presented a "mixture of factual and legal allegations which do not add materially to the claims" in plaintiff's amended complaint.

[5]   Plaintiff does not assert an Eighth Amendment failure to protect claim in his complaint. His attempt to add this constitutional assertion by merely

Furthermore, plaintiff's claim that defendants Nitcher and Shepard let TR into Cell 14 to harass and sexually assault plaintiff is conclusory as was his retaliation claim in Case No. 15-3054. He repeats the very same facts to support his claims in this case. The court must accept plaintiff's factual allegations as true but not his conclusory statements and claims. Here, plaintiff again baldly claims that defendants facilitated TR's actions, but again fails to allege facts showing personal participation of either defendant in the incidents upon which this complaint is based. Plaintiff alleges no facts establishing an affirmative link between defendants and TR or even defendants and the unnamed duty officer(s) who actually let TR into Cell 14. Plaintiff again fails to describe any act that he witnessed on the part of either defendant that caused these incidents.[6] Thus, plaintiff again alleges no facts from which the court might find that either individual defendant or the Commission[7] was the moving force behind TR entering Cell

---

discussing it in a subsequent filing could be disregarded since this filing was not a complete, proper amended complaint.

[6] Plaintiff exhibits one "Inmate Request & Grievance Form," which is dated 11/16/15. See Supplement (Doc. 9) at pg. 4. Tellingly, he did not claim in that grievance that either defendant directed TR to enter Cell 14 or to sexually harass plaintiff.

[7] Plaintiff alleges no facts to support a claim against "Osage County Commission." "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-86 (1989)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978). Plaintiff has

14. Plaintiff was given the opportunity in his prior case to amend these very allegations to adequately state a constitutional claim and he failed. He does not allege any additional facts in this action.

Likewise, even if the court were to liberally construct a failure to protect claim from plaintiff's allegations, he still fails to state a claim. Under this theory plaintiff claims in essence that defendants failed to protect him from witnessing TR's lewd behavior on the second night and from TR's verbal assault on the third night.[8] However, plaintiff fails to allege facts demonstrating that either defendant knew of and disregarded an excessive risk to plaintiff's health or safety and was aware of facts from which the inference could be drawn that a substantial risk of serious harm to plaintiff existed as well as drew the inference. Thus, plaintiff fails to allege facts to support a claim under the Eighth Amendment.

---

pointed to no policy or custom on the part of Osage County Commission and no causal link between any inadequacy and the events described in the complaint.

[8] This court's findings should not be viewed as condoning a jailer's instigation, encouragement, or complete disregard of one inmate performing lewd acts in front of another. The court finds only that plaintiff fails to allege facts showing either that defendants instigated TR's behavior or failed to resolve plaintiff's grievance. Nitcher's response to plaintiff's grievance indicated that he consulted the Sheriff regarding appropriate action. Non-emergency grievance procedures generally require some time for investigation and processing before resolution. Stella's remark to plaintiff suggested an intent to keep TR out of Cell 14. Plaintiff was transferred and was no longer confined in the same jail with TR after two incidents that occurred on consecutive days.

Plaintiff claimed in his exhibited grievance that "the officers" showed "negligence/retaliation for letting this happen more than once."[9] In the instant lawsuit, he baldly claims that defendants "breached their duty" to tell Scrlean or some other unnamed jail official not to let TR back into Cell 14. This conclusory statement at most suggests negligence, which is not grounds for relief under Section 1983. Thus, even if plaintiff can prove negligence, he fails to state a claim for relief in federal court.

Plaintiff baldly claims in his complaint that he was sexually assaulted. Then in an additional improper filing he baldly claims that he was raped.[10] However, he alleges no facts to plausibly support either claim. His factual allegations taken as true indicate that he was present when another inmate exposed his genitals. Plaintiff has described TR's acts as

---

[9] Plaintiff did not include all of his current allegations in this grievance. He made no mention of any lewd or threatening remarks directed to him by TR or severe emotional injury to himself. He claimed that TR had committed a criminal offense and demanded that charges be pressed against TR.

[10] "Sexual assault" is defined in the Federal Rules of Evidence as involving nonconsensual sexual contact. For example:

> (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
>
> (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;
>
> (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or

Rule 413(d)(2)-(4).

having occurred "less than eight feet" from him and has not alleged that TR touched him. The facts plaintiff alleges at most support a claim that he was the victim of another inmate's lewd and lascivious behavior.[11]

Furthermore, plaintiff's complaint is subject to dismissal because he does not appear to be entitled to the relief he requests. His request for injunctive relief was rendered moot by his transfer out of the Osage County Jail. Therefore, plaintiff's only remaining request is for money damages.[12] "Damages are available for violations of § 1983 to compensate persons for injuries caused by the deprivation of constitutional rights." *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1214 (10th Cir. 1999). However, a damages award "may not be based 'on the abstract value of the constitutional right rather than on the actual injuries [the inmate] suffered from the denial of that right.'" *Id.* at 1215.[13] Plaintiff has alleged no facts

---

[11] K.S.A. 21-3508(a)(2) defines "Lewd and lascivious behavior" as:

> "publicly exposing a sex organ or exposing a sex organ in the presence of a person who is not the spouse of the offender and who has not consented thereto, with intent to arouse or gratify the sexual desires of the offender or another." No doubt, a KDOC policy also prohibits lewd conduct by an inmate in the presence of others.

[12] Generally, a claim for declaratory judgment is not considered apart from a claim for damages or injunctive relief.

[13] Nominal damages may be sought, but are generally awarded in the amount of one dollar, certainly not the amount claimed by plaintiff.

indicating that he suffered actual injury as a result of defendants' acts or the two incidents with TR.  In addition, plaintiff has not described any physical injury that he suffered.  42 U.S.C. § 1997e(e) provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).[14]

Because plaintiff's complaint fails to allege any physical injury,[15] his claim for compensatory damages is subject to dismissal under Section 1997e(e).

**IV.   OTHER FILINGS**

---

[14]   18 U.S.C. 2246(2) defines the term "sexual act" to mean:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . . .

[15]   In another improper additional filing, plaintiff attempts to add allegations that he has suffered from "psychological harm" and that the alleged incidents exacerbated his depression.  Section 1997e(e) expressly bars a claim of mental or emotional injury absent a prior showing of physical injury.

Mr. Blakley is no stranger to this court, having now filed four actions. Even though he is a pro se litigant, he is required to comply with court rules and the Federal Rules of Civil Procedure. He submitted many improper additional filings in Case No. 15-3054 (see e.g., Docs. 18, 20, 21, 40, 50-53), which the court carefully considered. Many were liberally construed as plaintiff's responses to the show cause order. However, the court also plainly informed plaintiff that those filings were procedurally deficient as attempts to amend the complaint and/or to bring new claims because he did not present all of his claims on complaint forms as required by D.Kan. Rule 9.1. Nonetheless, Mr. Blakley has continued to submit improper additional filings in this case. This practice not only violates procedural rules, it confuses and impedes rather than facilitates the progress of the case. Since plaintiff filed this action, he has submitted four additional filings.[16] Most of

---

[16]  The clerk docketed Docs. 7, 9, and 10 as Supplements, and Doc. 12 as Motion to Add Defendant. In Doc. 7, plaintiff attempts to add the conclusory statement that he was raped with arguments under The Prison Rape Elimination Act. He also argues that the emotional rather than physical harm he suffered is actionable under Section 1983 on a claim of rape or sexual assault. In Doc. 9, which he entitles "Motion of Showing of Evidence," he adds that he is suing for a preliminary injunction and compensatory damages in the amount of $250,000 for "rape, sexual assault and sexual harassment." In Doc. 10, entitled "Motion to Show an Eighth Amendment Violation" of "Sexual Assault and Sexual Harassment," plaintiff for the first time refers to the Eighth Amendment and claims that defendants "knew of" his IR but failed to protect him from being sexually assaulted and sexually harassed by TR. He adds arguments that his allegations meet the two-part test for deliberate indifference and repeats arguments about the PREA. He also attaches a copy of a letter he wrote to the Director of the FBI and the response, which have no bearing on the validity of this complaint. In Doc. 12, which has no

the statements in these filings are repetitive and/or conclusory. Not one of these additional filings is a proper motion to amend with a complete amended complaint attached.[17] None is a proper supplement recounting events that have occurred since the filing of this action. See Fed.R.Civ.P. Rule 15(d). None is a proper motion seeking specific action by the court and stating factual grounds and a legal theory showing entitlement to the requested action. None of these filings cures plaintiff's failure to state a claim in his complaint.

By separate order, the court has considered and denied plaintiff's motion to add Sheriff Dunn as a defendant (Doc. 12). As noted, Sheriff Dunn has not been added to this lawsuit and, in any event, plaintiff's claims against Dunn would be subject to dismissal for all the reasons already discussed above.

## V.  ORDER & WARNING TO PLAINTIFF

Plaintiff is ordered to show cause why this action should not be dismissed due to the deficiencies in his complaint. He

---

title, he asks to add Sheriff Dunn as a defendant and repeats some of his legal arguments.

[17]   In order to add any claim, party, or significant allegation that was not presented in the original complaint, the plaintiff must submit a complete Amended Complaint. An Amended Complaint completely supersedes the original complaint, and therefore must name all parties in the caption and contain all claims and allegations that the plaintiff intends to pursue including those raised in the original complaint. Plaintiff may not simply refer to his original complaint and any claims not included in the Amended Complaint shall not be considered. The Amended Complaint must be submitted upon court-approved forms and the forms must be filled out and used for plaintiff's claims.

is directed to file only one pleading in response. This pleading must have the caption, the case number (16-3006), and the title "Response to Show Cause Order" at the top of the first page.

The court has found that the complaint is barred by issue preclusion and fails to state a claim. If plaintiff fails to show good cause as ordered and this action is dismissed, it will count as a strike against Mr. Blakley under 28 U.S.C. § 1915(g).[18]

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to show good cause, in writing, to the Honorable Sam A. Crow, United States Senior District Judge, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that the following additional filings by plaintiff are denied, to the extent necessary, because they

---

[18] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Should Mr. Blakley accumulate three strikes, he will be required to pay the filing fee of $400.00 in full upfront for any subsequent civil rights complaint unless he shows that he is in imminent of serious physical injury.

are not proper motions to amend or for other specific court action or supplements: Documents 7, 9, and 10.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of June, 2016.

**<u>s/David J. Waxse</u>**
**David J. Waxse**
**U.S. Magistrate Judge**